UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROGERS HICKS, et al.,

             Plaintiffs,

v.                                    **DECISION AND ORDER**
                                              97-CV-549S

ERIE COUNTY, et al.,

             Defendants.

     1.     Currently before this Court is Defendant Erie County's Motion to Discharge Supersedeas Bond and Vacate Judgment.

     2.     The relevant procedural history is as follows.  Plaintiffs commenced this action on July 8, 1997, pursuant to 42 U.S.C. § 1983.  On March 31, 2000, this Court granted partial summary judgment to Plaintiffs, finding that Defendant Erie County had violated their procedural due process rights.

     On May 21, 2001, Plaintiffs filed a Motion for Attorneys' Fees pursuant to 42 U.S.C. § 1988.  On March 25, 2002, this Court awarded Plaintiffs $15,500.00 in fees and $996.00 in costs as a prevailing party.  The Clerk of Court issued a document entitled "Transcript of Judgment" to Plaintiffs on April 11, 2002.  Plaintiffs subsequently filed that document with the Erie County Clerk's Office.

     Thereafter, Defendant Erie County moved for a stay of judgment pending appeal and offered to post a supersedeas bond.  On June 14, 2002, this Court approved Erie County's supersedeas bond and stayed enforcement of the judgment pending appeal.

     On May 13, 2003, the United States Court of Appeals for the Second Circuit issued a Mandate directing the Clerk of the Court to enter judgment in favor of Defendants.  In a written decision issued on that same date, the Second Circuit held that Erie County had

not violated Plaintiffs' due process rights.  As such, the appeals court determined that Plaintiffs were not entitled to an award of attorneys' fees.

On July 18, 2003, the Clerk of the Court complied with the Second Circuit's mandate and entered judgment in favor of Erie County.

3.   On January 30, 2004, Erie County filed a Motion to Discharge Supersedeas Bond and Vacate Judgment.  This Court filed a scheduling order on February 9, 2004, directing Plaintiffs to respond to Erie County's motion on or before February 17, 2004. Plaintiffs never responded to the motion.  This Court deemed oral argument unnecessary on February 20, 2004, and reserved decision at that time.

4.   Based upon the Second Circuit's Mandate and written decision, as well as the lack of opposition from Plaintiffs, this Court finds that Erie County's motion should be granted in all respects.


IT HEREBY IS ORDERED that the Defendant Erie County's Motion to Discharge Supersedeas Bond and Vacate Judgment (Docket No. 135) is GRANTED.

FURTHER, that the Order of this Court filed on March 25, 2002 (Docket No. 113) is VACATED insofar as it directed Erie County to pay attorneys' fees and costs.

FURTHER, that the Supersedeas Bond filed on June 18, 2002 (Docket No. 123) is DISCHARGED.

FURTHER, that the Transcript of Judgment issued by the Clerk of the Court on April 11, 2002, is VACATED.

FURTHER, that the Clerk of the Court shall expeditiously resolve Plaintiffs' Motion

for a Bill of Costs (Docket No. 131).

    SO ORDERED.

Dated:   March 7. 2004
          Buffalo, New York

                                             <u>s/William M. Skretny</u>
                                               WILLIAM M. SKRETNY
                                          United States District Judge